Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>ADRIÁN RODRÍGUEZ RIVERA<br><br>PETICIONARIO | TA2025CE00697 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. KBD2025G0181, 0195, 0196 KST2025G0055 al 0056<br><br>Sobre: Art. 182, 202, 209, 212, 216 del Código Penal del 2012 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2025.

## I.

Comparece el señor Adrián Luis Rodríguez Rivera (peticionario) y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 10 de octubre de 2025, notificada y archivada en autos el 14 de octubre de 2025.[1] Mediante dicho dictamen, el TPI declaró No Ha Lugar la Moción de desestimación que radicó el peticionario.

Junto al recurso, presentó una *Moción en auxilio de jurisdicción* para que ordenemos la paralización del juicio que está pautado para comenzar el 31 de octubre de 2025.[2]

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas.***

---

[1] Véase Entrada Núm. 1 del Apéndice del recurso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Vease Entrada Núm. 2 en el expediente del caso en SUMAC-TA.

***Reglamento TA***, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), que confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho, procedemos a resolver.

**II.**

A tenor con lo que surge del expediente ante nos, el peticionario fue acusado por los artículos 182, 202, 209, 212 y 216 del Código Penal de Puerto Rico, 33 LPRA secs. 5252, 5272, 5279, 5282 y 5286. La Vista Preliminar se celebró el 13 de abril de 2025 y, tras desfilada la prueba testifical, el foro primario determinó causa por todos los delitos imputados. Inconforme, el peticionario presentó una *Moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, 32 LPRA Ap. IV,* en la que alegó que el Ministerio Público no presentó prueba que estableciera los elementos de los delitos imputados, ni que lo vincularan con ellos. Oportunamente, el Ministerio Público presentó su oposición. Consecuentemente, el TPI emitió una *Resolución* en la que declaró No Ha Lugar dicha solicitud. El foro primario concluyó que el Ministerio Público presentó prueba y testimonios que probaron los elementos de los delitos imputados y que vincularon, de manera preliminar, al peticionario.

Inconforme, el peticionario presentó ante esta Curia el presente recurso de *Certiorari* en el que formuló el siguiente señalamiento de error:

> **ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLCARAR(sic) NO HA LUGAR LA MOCION DE DESESTIMACION AL AMPARO DE LA REGLA 64(P)**

El peticionario alegó que el TPI incidió al no desestimar los cargos imputados en su contra a pesar de no existir evidencia que lo vincule, conforme a la Regla 64(p) de Procedimiento Criminal, *supra,*

R. 64(p). Argumentó sobre lo que testificaron los testigos que tuvo ante sí el TPI, en la Vista Preliminar.

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59-60, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[3]

---

[3] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.,* supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**IV.**

En el caso de marras, el peticionario alegó que de los testimonios de la Vista Preliminar surgió que no se le identificó como la persona que realizó la solicitud con seguro social de otras personas y que no se demostraron los daños causados. Tras ello, solicitó la desestimación de los cargos imputados en su contra. Además, alegó que el tribunal intervino indebidamente en el interrogatorio con relación a la identificación de la prueba.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI.

A nuestro juicio no atisbamos motivo o error alguno que amerite nuestra intervención con la determinación del foro primario. La *Resolución* recurrida es esencialmente correcta en derecho, al no haberse incurrido en un abuso de discreción, pasión, prejuicio, o parcialidad. El TPI actuó de acuerdo con la normativa aplicable al caso.

Como es conocido, en nuestro ordenamiento jurídico impera una norma general de deferencia a la apreciación de la prueba y a las determinaciones de hechos que realiza el foro juzgador, y solo reconoce contadas excepciones en las que un tribunal apelativo podrá intervenir con estas y sustituir el criterio del foro primario por el suyo. ***Pueblo v. Negrón Ramírez***, 213 DPR 895, 909 (2024).

Por lo cual, se deniega la expedición del auto peticionado y, por consiguiente, la *Moción en auxilio de jurisdicción*.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari*. A tenor con lo dispuesto en la Regla 85(E) del

Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, supra, pág. 55, el TPI puede continuar con los procedimientos sin que tenga que esperar por nuestro mandato. En su consecuencia, se deniega la *Moción en Auxilio de Jurisdicción*.

**Notifíquese inmediatamente a las partes, al TPI y a la Hon. Alexandra Rivera Sáez.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones